UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| STEPHEN AGNEW, on behalf of himself and others similarly situated, | NO. 5:17-cv-104 |
| *Plaintiffs*, | COLLECTIVE ACTION |
| v. | |
| FTS INTERNATIONAL SERVICES, LLC, | |
| *Defendant*. | |

# COMPLAINT

### SUMMARY

1. FTS International Services, LLC (Frac Tech) does not pay its sand coordinators overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Instead, Frac Tech pays them a salary plus shift (or day) rate for each shift worked, with no overtime pay. Because these workers work far more than 40 hours a week, Stephen Agnew, on behalf of himself and others similarly situated, is entitled to recover unpaid overtime as well as other damages.[1]

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper because many of the relevant facts occurred here. Agnew performed a substantial amount of his unpaid work for Frac Tech in this District and Division.

---

[1] Agnew brought an identical claim against Frac Tech in *Agnew v. FTS International Services*, *LLC*, No. 5:14-cv-393 (W.D. Tex. filed April 30, 2014) ("Frac Tech I"). Agnew brings this claim now because Frac Tech continued its unlawful payroll practices after the dismissal of Frac Tech I.

## PARTIES

4. Agnew and the potential class members worked for Frac Tech as sand coordinators. Agnew performed the typical job duties of a sand coordinator as described herein. Agnew's consent is attached as Exhibit 1.

5. Frac Tech is an oil field service company. Its employees routinely use, handle, sell, and/or work on vehicles, pumps, filters, walkie-talkies, telephones, and hand tools. These items were produced for interstate commerce or actually traveled in interstate commerce. Frac Tech is covered by the FLSA and has been for each of the last 3 years. Frac Tech is therefore obligated to pay its non-exempt employees overtime under the FLSA.

6. As further defined herein, the "FLSA Class" consists of all Frac Tech sand coordinators employed within the last 3 years.

## FACTS

7. Frac Tech provides "multi-stage, unconventional well stimulation and completion services."

8. A more common name for Frac Tech's "well stimulation" process is "fracking."

9. As part of its "well stimulation" services, Frac Tech uses treated sand.

10. This sand is used a proppant – a solid material designed to keep an induced hydraulic facture open during (or after) a fracturing treatment.

11. Sand is a "critical" part of the hydraulic fracturing process.

12. Sand coordinators work to ensure the required sand is unloaded from the delivery trucks and loaded into the blender for use as a proppant.

13. For example, sand coordinators assist in getting trucks into position, inspect the sand delivered, hook up hoses to trucks that deliver the sand,

-2-

14. Sand coordinators are an integral part of the hydraulic fracturing crew.

15. The sand coordinators' work is an essential part of the well stimulation production process.

16. No advanced degree is required to become a sand coordinator. In fact, Frac Tech regularly hires sand coordinators who have only a high-school diploma (or less).

17. For example, Anew does not have any advanced degree.

18. Agnew had no prior experience as a sand coordinator.

19. Agnew had no relevant experience in the oil and gas industry.

20. Agnew's "training" consisted of approximately two weeks of "on the job" work with another sand coordinator.

21. Being a sand coordinator is not work requiring specialized academic training as a standard prerequisite.

22. To the extent sand coordinators make "decisions," the decisions do not require the exercise of independent discretion and judgment.

23. Instead, sand coordinators apply well-established techniques and procedures.

24. If sand coordinators evaluate sand quality, they do so using established standards.

25. Sand coordinators do not set sand quality standards.

26. Sand coordinators are not permitted to deviate from established sand quality standards.

27. Sand coordinators are blue collar workers. They rely on their hands, physical skills, and energy, to perform manual labor in the oilfield.

28. Sand coordinators work long hours. Indeed, Frac Tech informs applicants they will regularly more than 40 hours a week.

29. While in the field, sand coordinators regularly work 12 hours in a day, and more than 80 hours in a week.

30. As an example, Agnew averaged 12 (or more) hours per day, each day that he worked. And Agnew often worked 7 days a week.

31. But Frac Tech does not pay its sand coordinators overtime for hours worked in excess of 40 in a workweek.

32. Instead, Frac Tech pays sand coordinators a base salary, plus shift (or daily) pay for days worked out in the field. This shift/daily pay is not overtime pay, but rather a lump sum payment that must be included in the sand coordinators' regular rates of pay.

33. As a result of Frac Tech's pay policies, Agnew and the FLSA Class were denied the overtime pay required by federal law.

34. Frac Tech keeps accurate records of the hours its sand coordinators work.

35. It also keeps accurate records of the amount of pay sand coordinators receive.

36. Despite knowing the FLSA's requirements and that its sand coordinators regularly worked more than 40 hours in a workweek, Frac Tech does not pay them overtime.

## COLLECTIVE ACTION ALLEGATIONS

37. In addition to Agnew, Frac Tech employed dozens of other sand coordinators who worked over forty hours per week with no overtime pay, were paid a salary plus shift-rate, and were classified – improperly – as exempt employees. These FLSA Class members performed the job duties described above and they were subjected to the same unlawful policies. The FLSA Class is similarly situated to Agnew.

38. The FLSA Class should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the FLSA Class is properly defined as:

**All Frac Tech sand coordinators employed in the last 3 years.**

## CAUSE OF ACTION

39. By failing to pay Agnew and the FLSA Class overtime at 1 and ½ times their regular rates, Frac Tech violated the FLSA.

40. Frac Tech owes Agnew and the FLSA Class overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

41. Frac Tech knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Agnew and the FLSA Class is willful.

42. Frac Tech owes Agnew and the FLSA Class an amount equal to all unpaid overtime wages as well as liquidated damages.

43. Agnew and the FLSA Class are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

Agnew prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class;

2. Judgment awarding Agnew and the FLSA Class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Agnew and the FLSA Class are justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ David I. Moulton**
_____
    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    David I. Moulton
    Texas Bar No. 24051093
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
rburch@brucknerburch.com
dmoulton@brucknerburch.com

**AND**

Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**FIBICH, HAMPTON, LEEBRON,**
    **BRIGGS & JOSEPHSON, LLP**
1150 Bissonnet
Houston, Texas 77005
(713) 751-0025 [Telephone]
(713) 751-0030 [Fax]
mjosephson@fhl-law.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**